IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CT-762-BO

MICHAEL WAYNE MOORE,
    Plaintiff,

v.

JAMES B. BENNETT,
    Defendant.

ORDER

Michael Wayne Moore, a prisoner of the State of North Carolina, filed this 42 U.S.C. § 1983 action. On October 17, 2003, the matter was dismissed as frivolous. Moore appealed that decision and on May 5, 2004, the Fourth Circuit affirmed in part, vacated in part, and remanded the case back to this court.[1] Thereafter on March 22, 2006, the court entered an order dismissing the case without prejudice as to all the defendants and claims, except the claim of deliberate indifference to the serious medical condition of Hepatitis C against Jones and Lightsey which was dismissed with prejudice. Moore appealed that decision. The Fourth Circuit appointed Thomas Edward Vanderbloemen as counsel to plaintiff for his appeal.

On February 28, 2008, the Fourth Circuit vacated the dismissal of the deliberate indifference to serious medical condition related to plaintiff's pancreas and Hepatitis C condition, but affirmed the dismissal without prejudice as to the gout condition. The Fourth Circuit also vacated the dismissal of the retaliation claim. As to the claim for deliberate indifference from the pancreas condition and the claim for retaliation, the Fourth Circuit based its

---

[1] The Fourth Circuit vacated the dismissal of plaintiff's deliberate indifference of his medical needs as to the Hepatitis C condition, the pancreatic condition, and the gout in his hand, as well as plaintiff's retaliation claim. The Fourth Circuit affirmed this court's dismissal of the other medical needs claims, the conditions of confinement claims, and the various due process claims regarding prison classification.

decision on a recently published Supreme Court opinion, Jones v. Bock, 549 U.S. 199 (2007), and held the issues were improperly dismissed for failure to exhaust. Given this court's opinion was filed March 22, 2006, the undersigned did not have the benefit of the subsequently published opinion in Jones.

On November 12, 2008, this court entered an order granting two of plaintiff's motions for appointment of counsel [D.E. # 42 and 45], dand enying the motions for production of documents [D.E. # 43 and 55] as well as the motion for oral arguments as unnecessary [D.E. # 44]. At that time, defendants' motions for protective order were also allowed having newly appointed counsel for plaintiff [D.E. # 47 and 49]. Thereafter, on October 7, 2009, plaintiff filed a motion for miscellaneous relief [D.E. # 69]. On November 2, 2009, the North Carolina Attorney General's Office filed motions for summary judgment for Joseph Lightsey [S.E. # 72] and for James B. Bennette, George E. Currie, Richard T. Jones, and Tonia Rodger [D.E. # 77]. On January 4, 2010, J. Phillip Griffin of North Carolina Prisoner Legal Serivices (NCPLS), having been appointed to represent plaintiff, filed a memorandum in opposition to defendants' motions for summary judgment and an affidavit of Michael Wayne Moore [D.E. # 81 and # 82]. On January 19, 2010, defendant Lightsey replied to the memorandum in opposition to defendants' motion for summary judgment [D.E. # 83] as well as filing an additional reply [D.E. # 84].

On March 8, 2010, Michael Wayne Moore submitted a motion to have NCPLS removed as counsel from this case [D.E. # 85]. He states "the N.C.P.L.S's answer to their motion to dismiss was totally inadequate, deceptive and intentionally devised for the purpose of having you to again dismiss my case." He further states "[t]he contents of their brief on my behalf was

totally against my expressed wish's [sic]." He argues that he tried to explain his dissatisfaction with the way his case was proceeding in his October 7, 2009, motion for miscellaneous relief. On March 10, 2010, NCPLS filed a motion to withdraw [D.E. # 86], asserting plaintiff's expressed dissatisfaction with their representation as grounds for the request. NCPLS has offered to forward to Moore the litigation file if relieved of its obligations in this matter.

In an abundance of caution the court shall allow the motion for miscellaneous relief [D.E. # 69] as to the withdrawal of Moore's counsel and request for litigation file and deny the motion as to any other requests. Moore's motion to dismiss NCPLS and motion to compel release of records is likewise ALLOWED [D.E. # 85]; however, the same motion is DENIED as to substitution of counsel and/or appointment of counsel [D.E. # 85]. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). That being stated, this court did appoint counsel for plaintiff, but not due to exceptional circumstances. The court appointed NCPLS, the organization available and experienced in representing plaintiffs, such as Mr. Moore. This court's appointment of counsel for Moore is not satisfactory to him, and he is not entitled to substitute appointment. Furthermore, having determined counsel may withdraw, and based on Moore's complaints regarding the response filed by counsel, the response to the motion for summary judgment [D.E. # 81] is stricken from the docket. Therefore, plaintiff shall have 30 days from the filing of this order to file his own response to the pending motions for summary judgment. NCPLS motion to withdraw is ALLOWED [D.E. # 86] and NCPLS shall forward to plaintiff its litigation file of all

3

pleadings, discovery, and correspondence to plaintiff within five days of the entry of this order.

NCPLS is hereby fully relieved of any further obligations to plaintiff.

SO ORDERED, this the 23 day of September 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE